# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 28, 2018

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
S.B.,                                    *
                                         *
        Petitioner,                      *    No. 14-918V
                                         *    Special Master Sanders
v.                                       *
                                         *    Attorneys' Fees and Costs
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
        Respondent.                      *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Jay M. All, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 29, 2014, S.B. ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine he received on October 26, 2011 caused him to suffer from neurologic injuries, including shingles and post-herpetic neuralgia. *See* Stip. at 1, ECF No. 65. Petitioner further alleged that he experienced the residual effects of his injury for more than six months. *Id.* On April 26, 2018, the parties filed a stipulation for award of compensation, which the undersigned adopted as her Decision Awarding Damages on April 27, 2018. ECF No. 66.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On September 26, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 72 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $54,549.82. Fees App at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. ECF No. 73. Respondent reacted to the motion on September 28, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 74). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.   Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-

The undersigned has reviewed the Fees Application and notes that the rates requested for all attorneys and paralegals are consistent with what counsel has been awarded in previous Vaccine Program cases by the undersigned and other Special Masters for Conway, Homer, P.C. attorneys and paralegals. *See H.J. v. Sec'y of Health & Human Servs.*, No. 11-301V, 2017 WL 2883889, at *3 (Fed. Cl. Spec. Mstr. June 2, 2017); *Harper v. Sec'y of Health & Human Servs.*, No. 15-1188V, 2018 WL 6006030, at *2 (Fed. Cl. Spec. Mstr. Oct. 15, 2018); *Rice v. Sec'y of Health & Human Servs.*, No. , 2018 WL 4784563, at *2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018). Accordingly, no adjustment to the hourly rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

As has been noted by several special masters in the past, inefficiency results when multiple attorneys work on one case. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 214-15 (2009) (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case). Mr. Homer's firm has been specifically cited for this practice in the past. *See Robinson v. Sec'y of Health & Human Servs.*, No. 14-915V, slip. op. at *4 (Fed. Cl. Spec. Mstr. July 17, 2018); *Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The billing records indicate that seven different attorneys and six different paralegals/law clerks performed work on this case. In addition to what is, in the undersigned's experience, an excessive amount of interoffice communication, there are several examples of how this overstaffing lead to duplicative or excessive entries. Several documents were reviewed by multiple individuals - as examples, the initial order was reviewed by Mr. Homer and a paralegal, Fees App. at 8, and Respondent's Rule 4C report was reviewed by two attorneys and one paralegal when filed, and by a third attorney several weeks later. Fees App. at 14-15. Attorney Meredith Daniels billed for multiple entries which simply read "mot for ext for CC" after attorney Christina Ciampollilo billed for drafting a motion for extension, without explaining adequately what Ms.

---

2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Daniels was contributing to the motion or why it was necessary for another attorney to handle it.[4] *See, e.g.,* Fees App. at 19. Attorney Ronald Homer, a named partner and by far the most experienced attorney to have worked on this case, billed the majority of his time spent on this case in 0.1 increments for the mundane task of reviewing filings and updating the case file, a task which is typically done by paralegals. *See Harper*, 2018 WL 6006030 at *2.

Additionally, there are several entries in which paralegals billed for tasks which are administrative/clerical in nature. Most egregious among these is an entry on January 25, 2016, when a paralegal billed 2.4 hours to prepare and file Petitioner's expert report and supporting literature. Fees App. at 22.

For all these reasons, the undersigned finds it necessary to reduce the amount of attorneys' fees awarded by five percent. Because Petitioner requests $41,470.30 in fees, this results in a reduction of **$2,073.51**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $13,079.52 in attorneys' costs. Of this amount, the vast majority ($12,125.00) is for the expert services of Dr. Lawrence Steinman, who billed 24.25 hours at a rate of $500.00 per hour to review the medical records of this case, conduct research, and prepare an expert report. Fees App. at 42.

Dr. Steinman has consistently been compensated at $500.00 per hour for his prior work in the Vaccine Program. *Franco v. Sec'y of Health & Human Servs.*, No. 16-99V, 2018 WL 4141292, at *2 (Fed. Cl. Spec. Mstr. July 31, 2018); *Quackenbush-Baker v. Sec'y of Health & Human Servs.*, No. 14-1000V, 2018 WL 4090640, at *3 (Fed. Cl. Spec. Mstr. July 31, 2018); *Matthaes v. Sec'y of Health & Human Servs.*, No. 16-1266V, 2018 WL 4390644 (Fed. Cl. Spec. Mstr. July 30, 2018). Additionally, the undersigned has reviewed Dr. Steinman's billing statement and finds the hours billed reasonably in light of the work performed in this case. This cost will therefore be reimbursed in full.

The remaining balance of costs is comprised of medical record costs, mailing costs, and the Court's filing fee. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation of the requested costs. Accordingly, the undersigned awards Petitioner attorneys' costs in the amount of **$13,079.52**.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[4] Similar entries for other types of filings, such as "s/r for CC" and "JSR for CC", were also billed and are similarly devoid of any context or explanation that would allow the undersigned to determine what work was being performed. Fees App. at 26

| | |
|---|---|
| Attorneys' Fees Requested | $41,470.30 |
| (Reduction to Total Hours) | - $2,073.51 |
| **Total Attorneys' Fees Awarded** | **$39,396.79** |
| | |
| Attorneys' Costs Requested | $13,079.52 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$13,079.52** |
| | |
| **Total Amount Awarded** | **$52,476.31** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $52,476.31 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Ronald Homer, of Conway, Homer, P.C., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).